**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL CAREY,**

        **Plaintiff,**

**-vs-**                                                             **Case No.  6:05-cv-1271-Orl-JGG**

**SPACE COAST QUALITY LAWN**
**MAINTENANCE & LANDSCAPING, INC.,**
**KEVIN SHELTON, and DIANA**
**SHELTON,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 41)** |
| **FILED:** | **July 3, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiffs Michael Carey, Dean Carey, Daniel Scribner, and Zerric Miller seek to hold Defendants Space Coast Quality Lawn Management & Landscaping, Inc. ("Space Coast"), Kevin Shelton, and Diana Shelton liable under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA") for allegedly failing to pay them overtime wage for their work as laborers for

Space Coast, a landscaping business in Melbourne, Florida.  *See* Docket No. 1 (complaint).[1]  On March 6, 2006, the undersigned conducted settlement conference with all parties in this action., and declared an impasse after five hours of settlement negotiations.  Docket No. 30.

On July 3, 2006, the parties filed a Joint Notice of Settlement and Motion for Approval of Settlement and to Dismiss Case with Prejudice and a copy of the Settlement Agreement and General Release ("Settlement Agreement").  Docket No. 41-1, 41-2.  The parties state that they have settled all claims, and ask that the Court approve the settlement and dismiss Plaintiffs' action with prejudice.  Docket No. 41-1 at 2.

**II.     THE LAW**

    **A.     Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves

---

[1] Plaintiffs filed four complaints and Defendants filed four answers under separate case numbers, respectively. The four cases which were consolidated into the lowest case number for all purposes on March 7, 2006.  Docket No. 34. All complaints and answers are identical (except for different Plaintiffs' names).  *See* Docket Nos. 1, 9 in 6:05-cv-1271-JGG, 6:05-cv-1272-JGG, 6:05-cv-1273-JGG, and 6:05-cv-1275-JGG (complaints and answers in all cases).

a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B. Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[2] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees.

---

[2] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

**III.   APPLICATION**

Plaintiffs alleged that they were not paid overtime wages for their work as laborers for Defendant Space Coast, a landscaping business in Melbourne, Florida. Docket No. 1 at 2, ¶¶ 4-5, 10. In its answers, Defendant denied these allegations and asserted a number of affirmative defenses.

Docket No. 9 at 4-5. This case involves a bona fide dispute as to liability and the amount owed. *See* Docket No. 41-1 at 3, ¶ 2 (parties state that they "had a bona fide dispute under the FLSA").

Defendants have agreed to pay $19,500 in back wages and liquidated damages to Plaintiffs, plus $10,000 in attorneys' fees and costs to the Pantas law Firm, P.A., counsel for Plaintiffs' law firm. Under the terms of the Settlement Agreement, Defendants will pay the settlement amount to each Plaintiff and Plaintiffs' counsel by ten checks in separate allocations: 1.) $3,000 payable to Michael Carey as back wages, 2.) $3,000 payable to Michael Carey for liquidated damages, 3.) $750 payable to Daniel Scribner as back wages, 4.) $750 payable to Daniel Scribner for liquidated damages, 5.) $3,750 payable to Zerric Miller as back wages, 6.) $3,750 payable to Zerric Miller for liquidated damages, 7.) $2,250 payable to Dean Miller as back wagers, 8.) $2,250 payable to Dean Miller for liquidated damages, 9.) $5,000 payable to the Pantas Law Firm, P.A. within seven days of Court approval of the Settlement Agreement, and 10.) $5,000 payable to the Pantas Law Firm, P.A. within thirty days after Court approval. Docket No. 41-2 at 1-2.

In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to Plaintiffs and the parties' conduct during the settlement conference conduced by the undersigned, there is no suggestion of collusion. All parties state that they are satisfied that the judgment was a fair and reasonable resolution of this action. The Court finds that settlement of the action in favor of certainty was fair and reasonable.

As part of this motion for approval of the settlement, Plaintiffs and Defendants state that the amount of attorneys' fees and costs to be paid is reasonable. Docket No. 41-1 at 3, ¶ 5. As there is

no unreasonableness apparent from amount agreed upon by the parties, the Court did not conduct an in-depth analysis of the attorneys' fees sought or determine the market rate for Plaintiff's counsel. While $10,000 in attorneys' fees and costs seems high, comparing the amount of the Plaintiff's recovery to the attorneys' fees to be paid, the Court does not find that the amount of attorneys' fees is grossly excessive. *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (denying attorneys' fees of more than $16,000 when plaintiff recovered $316 in back wages). Further, Defendants join Plaintiffs in moving for the approval of the proposed settlement and does not contest the number of hours, the billing rate, or amount of attorneys' fees and costs. *See* Docket No. 41-1. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiffs' counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Accordingly, it is **ORDERED**:

1. the Joint Motion for Approval of Settlement and to Dismiss Case with Prejudice [Docket No. 41] is **GRANTED**;

2. the Settlement Agreement [Docket No. 41-2] is approved, and the case is dismissed with prejudice; and

2. the Clerk be directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties